[Cite as *State v. Wilson*, 2016-Ohio-440.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

State of Ohio                                                  Court of Appeals No. WD-14-040

        Appellee                                        Trial Court No. 2013CR0588

v.

Charles Wilson, Jr.                                       **DECISION AND JUDGMENT**

        Appellant                                       Decided:  February 5, 2016

* * * * *

Paul A. Dobson, Wood County Prosecuting Attorney, Thomas A.
Matuszak and David T. Harold, Assistant Prosecuting Attorneys,
for appellee.

Joanna M. Orth, for appellant.

* * * * *

**OSOWIK, J.**

{¶ 1} This is an appeal from a judgment of the Wood County Court of Common

Pleas that found appellant guilty of one count of theft and one count of receiving stolen

property following a plea of guilty.  For the reasons below, this court affirms the

judgment of the trial court.

**{¶ 2}** The following undisputed facts are relevant to the issues raised on appeal. On January 22, 2014, appellant was indicted on one count of theft in violation of R.C. 2913.02(A)(1) and (B)(2) and one count of receiving stolen property in violation of R.C. 2913.51(A) and (C). On April 22, 2014, appellant entered a guilty plea to both counts in the indictment. A sentencing hearing was held on May 13, 2014, and the issues of sentencing and restitution were addressed. At the conclusion of the hearing, appellant was ordered to serve two consecutive 12-month sentences and to pay $6,700 restitution to the victim of the theft.

**{¶ 3}** Appellant appeals, setting forth the following two assignments of error:

First Assignment of Error: The trial court erred to the prejudice of defendant/appellant when it ordered restitution beyond the actual loss suffered by the victim.

Second Assignment of Error: Defendant/appellant's sentence should be vacated as the trial court failed, as a matter of law, to make specific findings of fact before imposing consecutive sentences pursuant to Ohio Revised Code § 2929.14(C)(4).

**{¶ 4}** In support of his first assignment of error, appellant asserts that the amount ordered as restitution was greater than the actual loss suffered by the victim and that the trial court failed to consider possible depreciation of the stolen jewelry. Appellant also argues that the trial court failed to consider appellant's ability to pay the restitution.

2.

{¶ 5} Appellate courts review an order of restitution under an abuse of discretion standard. *State v. Love*, 3d Dist. Marion No. 9-13-09, 2014-Ohio-437. The term "abuse of discretion" connotes more than an error of law or judgment; it implies that the trial court's attitude was unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983). R.C. 2929.18 permits a trial court to impose financial sanctions on a defendant, including restitution and reimbursements, subject to the defendant's opportunity to dispute the amounts imposed. Additionally, a trial court may comply with R.C. 2929.19(B)(5) by considering a presentence investigation report. *See e.g. State v. Dupois*, 6th Dist. Lucas No. L-12-1035, 2013-Ohio-2128, ¶ 44.

{¶ 6} As to the order for restitution, the trial court stated at sentencing that it had considered appellant's presentence investigation report. The record reflects that the specific amount of restitution was based on the evidence and testimony of the victim. The victim testified that she paid $500 to get some of her jewelry back from a pawn shop and that, based on the purchase receipts she produced for all of the items, including items not recovered from the pawn shop, the value totaled $7,200.

{¶ 7} Further, while appellant argues that the trial court should have considered possible depreciation of the items stolen, he did not offer any evidence to support that claim or raise the issue at the hearing.

3.

{¶ 8} Based on the foregoing, we are unable to find that the trial court's order of restitution was unreasonable, arbitrary or unconscionable and therefore an abuse of discretion. Accordingly, appellant's first assignment of error is not well-taken.

{¶ 9} In support of his second assignment of error, appellant asserts that his sentences should be vacated because the trial court failed to make specific findings of fact before imposing consecutive sentences pursuant to R.C. 2929.14(C)(4).

{¶ 10} R.C. 2929.14(C)(4) establishes that in order to properly sentence a defendant to consecutive prison terms for convictions on multiple offenses the sentencing court must find that such a sentence is "necessary to protect the public from future crime or to punish the offender, and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public."

{¶ 11} The statute further establishes that the court must also find that the offender falls within one of three additional delineated statutory findings. Relevant to the instant case, R.C. 2929.14(C)(4)(c) delineates that one of the three potential findings necessary to satisfy that portion of the statute is that the offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crimes by the offender.

{¶ 12} We have carefully reviewed and considered the transcript of the sentencing proceedings and the sentencing entry. The sentencing transcript reflects in pertinent part that the trial court stated,

4.

The Court has reviewed the presentence investigation. There are multiple offenses by this defendant, primarily in Lucas County, starting in 2004 and continuing on through three or four pages worth of offenses, many of them similar to this: theft and assault and violating a protective order. * * * [T]here's a failure to appear many times.

So it appears to this Court that this defendant is not amenable to community control and that consecutive sentencing is necessary to protect the public from future crimes from this defendant, and that consecutive sentencing will not be disproportionate to the seriousness of the offender's conduct.

The defendant's history of criminal conduct demonstrates that consecutive sentencing is necessary to protect the public. So I'm going to impose twelve months on each of the two counts in the Ohio Department of Rehabilitation and Corrections and order those be served consecutive to each other.

{¶ 13} Our review of the sentencing entry indicates that the trial court stated,

Further, the Court finds that the Defendant is not amenable to community control and that the Defendant's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime from this Defendant, and that consecutive sentencing would not be disproportionate to the seriousness of the offender's conduct.

5.

{¶ 14} When the sentencing entry is compared with the language contained in R.C. 2929.14(C)(4), it appears that the trial court did comply with the statutory requirements.

{¶ 15} As such, the trial court properly satisfied the requirements of R.C. 2929.14(C)(4) and 2929.14(C)(4)(c) when it imposed sentence at the hearing and in its sentencing entry. Based on the foregoing, we find appellant's second assignment of error not well-taken.

{¶ 16} On consideration whereof, the judgment of the Wood County Court of Common Pleas is affirmed. Costs of this appeal are assessed to appellant pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Arlene Singer, J.            _____
                                              JUDGE
Thomas J. Osowik, J.       

                                        _____
Stephen A. Yarbrough, J.                        JUDGE
CONCUR.

                                        _____
                                              JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.sconet.state.oh.us/rod/newpdf/?source=6.

6.